IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | (PHILLIPS/SHIRLEY) |
| CLARK ALAN ROBERTS and | ) | |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 3, 2009, for a motion hearing on the Defendants' Joint Motion to Continue [Doc. 15], filed on March 23, 2009. Assistant United States Attorney D. Gregory Weddle appeared on behalf of the government. Attorneys W. Thomas Dillard and Stephen Ross Johnson were present for Defendant Roberts. Attorney Douglas A. Trant represented Defendant Howley. Both defendants were also present.

The motion requests that the April 29, 2009 trial date be continued because the defendants have yet to receive discovery in the case. The defendants allege that on March 15, 2009, the day before the discovery deadline, the government sent them a proposed protective order, contending that the discovery contains trade secrets. The defendants disagreed with the government's proposed protective order and submitted a less restrictive proposed protective order to the government on March 16, 2009. At the time the motion was filed, the parties were still negotiating the terms of the protective order for discovery.

At the April 3 hearing, Attorney Dillard informed the Court that the parties had agreed on a protective order for the discovery that day. He stated that the defendants had not received any discovery yet. AUSA Weddle submitted the signed protective order to the Court for review. He told the Court that he had the discovery ready to submit but that he would consult with defense counsel on the format in which they would like it submitted. The parties agreed on a new trial date of July 21, 2009, and the Court rescheduled other applicable deadlines and hearings.

The Court agrees with the need for a continuance of the trial, finding that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The initial motion filing deadline was April 6, 2009. In light of the delay in receipt of the discovery occasioned by the negotiations over the protective order, the defendants cannot file pretrial motions by this date. Defense counsel need time to receive and review discovery, to determine what pretrial motions need to be filed, and to prepare those motions. Once any pretrial motions are filed and the government has submitted responses, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(F) & (J). The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the April 29, 2009 trial date or in less than three and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Defendants' Joint Motion to Continue [**Doc. 15**] is **GRANTED**, and the trial of this matter is reset to **July 21, 2009**. The Court also finds, and the parties agreed, that all the time between the April 3, 2009 hearing and the new trial date of July 21, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), -(J), (h)(7), & (h)(8)(A)-(B). With regard to further scheduling, the Court set a new discovery deadline of **April 10, 2009**. Pretrial motions are to be filed on or before **May 15, 2009**. Responses are due by **June 5, 2009**. A pretrial conference before the undersigned is set for **June 23, 2009, at 9:30 a.m.** The pretrial conference will become a motion hearing, if any motions are filed. Reciprocal discovery is also due on or before **June 23, 2009**. The government requested a plea cutoff date of **July 6, 2009**.

Accordingly, it is **ORDERED**:

(1) The Defendants' Joint Motion to Continue [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 21, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **April 3, 2009** hearing, and the new trial date of **July 21, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The discovery deadline is reset to **April 10, 2009**;

(5) Pretrial motions are due on or before **May 15, 2009**;

(6) Responses are due on **June 5, 2009**;

3

(7)  A pretrial conference before the undersigned is set for **June 23, 2009, at 9:30 a.m.**  This date shall also be the deadline for reciprocal discovery; and

(8) The plea cutoff deadline in this case is **July 6, 2009**.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge