IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | |
| CLARK ALAN ROBERTS and | ) | (PHILLIPS/SHIRLEY) |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 23, 2009, for a motion hearing on the Defendants' Joint Motion to Continue Trial Setting and Modify Certain Deadlines in the Order on Discovery and Scheduling [Doc. 56], filed on June 10, 2009. Assistant United States Attorney D. Gregory Weddle appeared on behalf of the government. Attorneys W. Thomas Dillard and Stephen Ross Johnson were present for Defendant Roberts. Attorney Douglas A. Trant represented Defendant Howley.

The motion requests that the July 21, 2009 trial date be continued because defense counsel are still reviewing the voluminous discovery and because some discovery is still outstanding. The motion states that once all of the discovery is received, the defendants will need time to complete their review of the discovery, to research any potential issues, and to investigate and develop evidence relating to their defenses. At the June 23 hearing, AUSA Weddle and the

1

attorneys for Defendant Roberts informed the Court that they had been working to resolve any discovery issues. Defense counsel estimated that it would take two months to complete their review of the discovery received to date and that the amount of discovery yet to be received was also voluminous. The government noted that it had agreed to provide the defendants with all of the evidence seized during the search of Wyco Tire Technology as well as the inventory from the search and the Goodyear forms listed in the indictment. The parties could not assure the Court that all discovery conflicts had been resolved but agreed that they were working toward resolution of the discovery issues. Defense counsel stated that they had discussed the need for a continuance with the defendants, who both wanted to continue the trial. The parties agreed to a new trial date of February 9, 2010, and that all the time between the hearing and the new trial date was excludable under the Speedy Trial Act.

The Court agrees with the need for a continuance of the trial, finding that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the amount of discovery to be reviewed along with the discovery still to be produced is voluminous. After the discovery has been reviewed, the Court will need time to conduct hearings on the pending motions and time, not to exceed thirty days, to rule upon the motions and/or to prepare report and recommendations. See 18 U.S.C. § 3161(h)(1)(D), and -(H). The parties will need time to file any objections, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the July 21, 2009 trial date or in less than seven and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of

2

Case 3:08-cr-00175-PLR-CCS   Document 69   Filed 06/24/09   Page 2 of 4   PageID #: 327

time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' Joint Motion to Continue the Trial [**Doc. 56**] is **GRANTED**, and the trial of this matter is reset to **February 9, 2010**. The Court also finds, and the parties agreed, that all the time between the June 23, 2009 hearing and the new trial date of February 9, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(H), and -(h)(7)(A)-(B). With regard to further scheduling, the Court set a motion hearing on all non-evidentiary motions, including the motions to dismiss, for **September 10, 2009, at 9:30 a.m.** A second motion hearing on the suppression motions will be held on **October 14, 2009, at 9:30 a.m.** In light of the number and complexity of the pending pretrial motions, the Court did not set a new motion-filing deadline at this time. If, after reviewing the rest of the discovery, defense counsel believe that additional pretrial motions are necessary, then counsel should move the Court for leave to file the motion, attaching a copy of the motion to the request for leave to file. The Court encourages the parties to file any motions for leave to file additional motions expeditiously and, in any event, by **August 21, 2009**, in order to give the opposing party time to respond before the September 10 hearing. Any motions regarding new or continuing discovery issues should be made by **July 24, 2009**.

Accordingly, it is **ORDERED**:

(1) The Defendants' Joint Motion to Continue Trial Setting and Modify Certain Deadlines in the Order on Discovery and Scheduling [**Doc. 56**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 9, 2010**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **June 23, 2009** hearing, and the new trial date of **February 9, 2010**, is fully excludable time under the Speedy

3

Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned on **September 10, 2009, at 9:30 a.m.**, for a hearing on all non-evidentiary motions;

(5) An evidentiary hearing on the pending suppression motions is set for **October 14, 2009, at 9:30 a.m.**; and

(6) If the parties wish to file any additional pretrial motions, they must move for leave to do so no later that **July 24** for discovery motions and **August 21** for all other pretrial motions.

**IT IS SO ORDERED.**

          ENTER:


          <u> s/ C. Clifford Shirley, Jr. </u>
          United States Magistrate Judge