IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | |
| CLARK ALAN ROBERTS and | ) | (PHILLIPS/SHIRLEY) |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 6, 2009, for a motion hearing on the Defendant Roberts' Motion to Compel Discovery [Doc. 42] and Motion for Leave to File [Doc. 70], both of which Defendant Howley has moved [Docs. 43 and 71] to adopt. Assistant United States Attorney D. Gregory Weddle appeared on behalf of the government. Attorneys W. Thomas Dillard and Stephen Ross Johnson were present for Defendant Roberts. Attorney Douglas A. Trant represented Defendant Howley, who was also present.

In the Motion to Compel Discovery [Doc. 42], the Defendants[1] ask the Court to order the Government to provide them with discovery. Specifically, the Defendants ask for all of the

---

[1]Defendant Howley has moved [Doc. 43] to adopt this motion. The Court **GRANTS** Defendant Howley's request to adopt the Motion to Compel Discovery [Doc. 42]. As Defendant Howley's motion [Doc. 43] seeks to adopt a number of other motions that are not presently before the Court, it will be left pending as to Defendant Howley's adoption of the remaining motions.

1

materials seized during the 2007 search of Wyco Tire Technology in Greenback, Tennessee, including the electronic materials that were imaged by the executing agents. Defendants also requested discovery on the alleged trade secrets in the Goodyear Swab Down device, Goodyear's security measures and visitor forms, Defendant Robert's statements to a Goodyear security guard and engineer, information including photographs of the similar device Wyco was allegedly building, and information concerning the scope of the electronic search on the Wyco servers and computers. In their Reply [Doc. 66], the Defendants state that the government produced technical drawings, schematics, photographs, and other items it believes document the trade secrets contained within the Swab Down device.

The parties appeared on June 23, 2009, for a hearing on the Defendant's Joint Motion to Continue the Trial. At that hearing, the Court briefly addressed the discovery issues. Defense counsel for Defendant Roberts related that they had received a large amount of discovery from the Government, which they were beginning to review, but that they were still missing some discovery, mainly relating to items seized during the search of Wyco. The government agreed to provide the remaining materials seized in the search of Wyco and the Goodyear forms. The Court continued the trial date and set a schedule for hearings on the pending motions. In the Memorandum and Order [Doc. 69] continuing the trial, the Court directed the parties to make any motions regarding new or continuing discovery issues by July 24, 2009.

On July 24, 2009, the Defendants[2] filed a Motion for Leave to File [Doc. 70] a Second Motion to Compel Discovery and for Production of Rule 16(a)(1)(G) Materials. In the

---

[2] The Motion for Leave to File [Doc. 70] was filed by Defendant Roberts. Defendant Howley has moved [Doc. 71] to adopt this motion. Defendant' Howley's Motion to Adopt [**Doc. 71**] the Motion for Leave to File is **GRANTED**.

2

motion for leave, the Defendants argue that they should be allowed to file the attached discovery motion out of time because the Government has provided additional discovery following the expiration of the deadline for filing pretrial motions. They maintain that the attached discovery motion relates to these new discovery materials, which were not previously available to the Defendants. The Government responds [Doc. 72] to the substance of the underlying discovery motion, rather than the request for leave to file out of time. Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, this Court may set a deadline for the parties to file pretrial motions, and it is within the Court's discretion to extend this deadline and grant relief from the waiver that normally attaches to motions not filed within this deadline, where good cause has been shown. Fed. R. Crim. P. 12(c), (e). Because the second discovery motion which the Defendants seek leave to file relates to discovery materials not previously available to the Defendants, the Court finds that the Defendants have shown good cause for relief from waiver with respect to this particular motion. Accordingly, the Defendants' Motion for Leave [**Doc. 70**] to file a second discovery motion out of time is **GRANTED,** and the Court will address the substantive merits of the attached discovery motion [Doc. 70-1].

In their Second Motion to Compel Discovery and for Production of Rule 16(a)(1)(G) Materials, the Defendants state that on July 20, they received additional discovery from the Government, including a 600 gigabyte hard drive. Although they could view the folder structure on the hard drive, they were unable to open and read the data, so they engaged a forensic computer firm to convert the drive's contents into a format they can review. The Defendants state it appears that the hard drive contains copies of all the images made by agents executing the search warrant at Wyco on September 25, 2007. The Defendants also contend that the Government still has not

3

provided the evidence that the Government intends to use in its case in chief to show that the items in question meet the legal definition of trade secrets. If the Government will provide this evidence through the testimony of experts, the Defendants ask the Court to compel early disclosure of such experts under Rule 16(a)(1)(G), because receipt of this information three weeks before trial, as directed by the Court's Order on Discovery and Scheduling [Doc. 11], will require the Defendants to ask for a trial continuance. Finally, the Defendants ask to be allowed to raise any other discovery issues necessitated by their review of the recently received discovery materials.

The Government responds [Doc. 72] that it has provided far more in discovery than the Defendants are entitled to receive under Rule 16. With regard to the materials recently disclosed to the Defendants, the Government states that it previously provided an image of the Wyco email server and an image of Defendant Howley's laptop computer. It maintains that the recently disclosed hard drive, which it provided at the Defendants' request, is not material to this case nor intended to be introduced in the Government's case in chief. Thus, it concludes that nothing that was recently disclosed to the Defendants' should necessitate the need for additional motions. Secondly, the Government maintains that the Defendants are not entitled to an outline of how it intends to try its case, specifically the trade secrets issue. It contends that an email from Defendant Roberts reveals that the Defendants know the nature of this trade secrets case and do not need early disclosure of the Governments' expert(s) before obtaining their own expert(s). Additionally, the Government states that it has provided the Defendants with a schematic diagram and the surreptitiously taken photographs of the Goodyear turn-up device, which photographs have been marked by Goodyear personnel to identify the parts of the device that are trade secrets.

At the August 6 hearing, defense counsel for Defendant Roberts stated that the day

4

before, he had received the reformatted hard drive, but he had not had time to review it yet. He said the Defendants were seeking to preserve any additional discovery issues that might be revealed by the review of the recently disclosed discovery. Additionally, he argued that he needed early disclosure of the Government's experts in order to allow the Defendants time to obtain their own experts, especially in light of the restrictions in the protective order. Defense counsel acknowledged that they had received the schematic drawings and the photographs with the markings by Goodyear. The Defendants stated that they still did not have discovery of any documents that the Government would use to prove the measures Goodyear took to protect the alleged trade secrets and the economic value derived from the alleged trade secrets.

AUSA Weddle responded that the Government had provided everything that was taken pursuant to the search warrant. He stated that the FBI had imaged the hard drive and that he did not know why the Defendants could not open it because no forensic software was employed. With regard to the measures to preserve trade secrets and the economic value, Mr. Weddle stated that the Government had provided in the first round of discovery any documents upon which it intended to rely. He said the Government will also rely on lay and expert testimony. He stated that the Government disclosed to the Defendants the other server imaged pursuant to the search warrant, although the Government did not intend to use the information therein in its case in chief. AUSA Weddle stated that server contained no information relating to the measures to preserve trade secrets or the economic value derived from the trade secrets. He maintained that the universe of discovery that the Government had provided that was relevant to these issues is small. The Government agreed to provide Rule 16(1)(a)(G) disclosure of its experts by November 30, 2009. The Defendants agreed to provide the reciprocal disclosure with regard to their experts by January 8, 2010.

After reviewing the parties' briefs and hearing their arguments and representations at the two hearings, the Court finds that the Government has provided the discovery at issue. Indeed, the only potential area of dispute related to any documents that the Government intended to use to prove the measures taken to preserve the alleged trade secrets and the economic value derived from the trade secrets. The Government affirmatively represented to the Court that it had provided all of this documentation to the Defendants in the first round of discovery and that the universe of materials relating to these issues was small. Additionally, the Government stated that it would rely on lay and expert testimony to prove these points. In this regard, the parties have agreed to a schedule for early disclosure of experts in this case. Accordingly, the Court finds that the Motion to Compel [**Doc. 42**] is **DENIED as moot**. The Second Motion to Compel Discovery and for Production of Rule 16(a)(1)(G) Materials [**Doc. 70-1**] is **GRANTED in part** in that the parties will both provide early disclosure of expert materials and **DENIED in part** in that the Court finds no need to compel further discovery or to permit additional motions with regard to discovery, as it finds that the Government has provided the discovery at issue. If the parties have other, new discovery problems in the future that they cannot resolve on their own, then they may file a motion for leave to file the discovery motion, attaching, as the Defendants have in this instance, the motion they seek to file.

Accordingly, it is **ORDERED**:

(1) Defendant Howley's request to adopt the Motion to Compel and motion [**Doc. 71**] to adopt the Motion for Leave are **GRANTED**;

(2) The Defendants' Motion for Leave [**Doc. 70**] to file a second discovery motion out of time is **GRANTED**;

(3) The Defendants' Motion to Compel [**Doc. 42**] is **DENIED as moot**;

(4) The Defendants' Second Motion to Compel Discovery and for Production of Rule 16(a)(1)(G) Materials [**Doc. 70-1**] is **GRANTED in part** in that the parties will both provide early disclosure of expert materials and **DENIED in part** in that the Court finds no need to compel discovery or to permit additional motions with regard to discovery because the Government has provided the discovery at issue;

(5) The Government shall provide Rule 16 disclosure of its experts by **November 30, 2009**;

(6) The Defendants shall provide Rule 16 disclosure of their experts by **January 8, 2010**;

(7) A hearing on the remaining non-evidentiary motions is set for **September 10, 2009, at 9:30 a.m.**; and

(8) An evidentiary hearing on the pending suppression motions is set for **October 14, 2009, at 1:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge