IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | |
| CLARK ALAN ROBERTS and | ) | (PHILLIPS/SHIRLEY) |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 10, 2009, for a motion hearing on the following pending motions:[1]

>(1) Defendant Howley's Motion to Require the Government to Prove the Alleged Trade Secret [Doc. 23],

>(2) Defendant Howley's motions to adopt the motions, memoranda, and replies of Defendant Roberts [Docs. 31, 43, 58, 62, and 67],

>(3) Defendant Roberts' Motion for Hearing to Determine the Existence of Conspiracy [Doc. 32],

>(4) Defendant Roberts' Motion for a Bill of Particulars [Doc. 34],

>(5) Defendant Roberts' Motion to Exclude Statements of Co-

---

[1] The Court also heard Defendant Roberts' Motion to Dismiss the Superseding Indictment on the Basis of Failure to State an Offense and Constitutional and Procedural Deficiencies [Doc. 27] and Motion to Dismiss the Superseding Indictment on the Basis of Unconstitutional Vagueness [Doc. 29]. Both of these motions have been adopted by Defendant Howley. The Court will file a separate report and recommendation with regard to these motions.

1

> Defendant and Any Testimonial Statements of Non-Testifying Individuals From Any Joint Trial, or in the Alternative, For Severance [Doc. 36],
>
> (6) Defendant Roberts' Motion for Notice Pursuant to Rule 12(b)(4)(B) of Government's Intention to Use Evidence Arguably Subject to Suppression [Doc. 38], and
>
> (7) Defendant Roberts' Motion for Depositions to Preserve Testimony for Trial [Doc. 41].

Assistant United States Attorneys D. Gregory Weddle and Thomas Dougherty appeared on behalf of the government. Attorneys W. Thomas Dillard and Stephen Ross Johnson were present for Defendant Roberts. Attorney Douglas A. Trant represented Defendant Howley, who was also present. The parties presented argument on the pending motions, and the Court took the motions under advisement at the conclusion of the hearing. The Court will now address each of these motions in turn.

## I. PRETRIAL DETERMINATION OF TRADE SECRET

Defendant Howley has moved [Doc. 23] the Court to order the government to prove the existence of a trade secret in this case. The government responds [Doc. 55] that the defendant is asking for a pretrial determination of the sufficiency of the evidence. At the September 10 hearing, Attorney Trant asked to withdraw this motion. The Court **GRANTED** defense counsel's oral request. Defendant Howley's Motion to Require the Government to Prove the Alleged Trade Secret [**Doc. 23**] is **WITHDRAWN**.

2

## II. MOTIONS TO ADOPT

Defendant Howley asks [Docs. 31, 43, 58, 62, and 67] for leave to adopt the motions [Docs. 27, 29, 32, 34, 38, 39, and 41], memoranda [Docs. 28, 30, 33, 35, 40], and replies [Docs. 57, 59, 61, 63, 64, 65, and 66] of Defendant Roberts. At the September 10 hearing, the government stated that it had no objection to Defendant Howley's motions to adopt. Accordingly, the Court **GRANTED** all of the motions to adopt [**Docs. 31, 43, 58, 62, and 67**].

## III. PRETRIAL HEARING ON EXISTENCE OF CONSPIRACY

The defendants move [Doc. 32] the Court to require the government to prove in a pretrial hearing the existence of the conspiracy before it attempts to introduce in its case-in-chief at trial the statements of conspirators pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. They maintain that such a pretrial hearing is an acceptable method for the trial court to determine the existence of the conspiracy as required by Rule 801(d)(2)(E). See United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979). Moreover, the defendants argue that if the alleged coconspirator statement is admitted without such a hearing and the government is not able to prove the existence of the conspiracy, the admission of the hearsay statement will violate their confrontation right as well as their right to a fair trial. The government opposes [Doc. 51] the defendants' request for a pretrial hearing on the existence of the conspiracy as unduly burdensome and a waste of judicial resources. Instead, it asks the Court to follow the traditional practice in this district and to permit it to present the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence.

With regard to the determination of the existence of the conspiracy as a requirement of introducing a co-conspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979). The Court notes that it is the general practice in this district to use the third of these options. Because the defendants' motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice of the District Court to permit the government to present the statement before proving the conspiracy and then instructing the jury that the government must prove the conspiracy before it can consider the statement. Accordingly, the defendants' Motion for Hearing to Determine the Existence of Conspiracy [**Doc. 32**] is **DENIED**. The Court notes that the parties are free to requests that the District Court use a different procedure at trial.

## IV.  BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the defendants ask [Doc. 34] the Court to order the government to provide a bill of particulars specifying the following: (1) the trade secret information allegedly "contained" in Goodyear's roll over-ply down device and (2) the facts demonstrating that the misrepresentations alleged in counts eight through eleven are "false" and "material." They argue that the particularization of this information is necessary in order for them to prepare to meet the actual charges at trial and to file the necessary motions to exclude

4

irrelevant or inadmissible evidence. The government responds [Doc. 45] that the indictment in this case is lengthy and detailed and that it, along with the ample discovery provided in this case, fully apprises the defendants of the charges they face. It asserts that the defendants' requests for particularization are an attempt to learn the government's theories and evidence by requiring the government to sift through the evidence for them. In reply [Doc. 59], the defendants assert that no amount of discovery can cure an indictment that is insufficiently particular and that they are seeking basic information regarding the charges.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

5

At the September 10 hearing, the Court asked the defendants to describe exactly what they wanted particularized. Counsel for Defendant Roberts stated the defendants wanted the government to identify the trade secret information that the roll over-ply down device allegedly contained. AUSA Weddle responded that the device itself–every part of the roll over-ply down device–is a trade secret. Thus, the Court finds that the government has provided the particularization requested with regard to the trade secret information that the Indictment alleges is "contained" in Goodyear's roll over-ply down device.

The Court also finds that the Indictment [Doc. 6] itself adequately specifies the "false" and "material" misrepresentations alleged in counts eight through eleven. In paragraph 24(c), the Indictment alleges that Defendant Roberts "made a materially false representation on or about May 30, 2007 to a security guard at the Goodyear Topeka tire manufacturing facility that he had previously signed a Goodyear Form 408 "Agreement of Visitors to Goodyear Facilities" within the previous year, when, in fact, as defendant CLARK ALAN ROBERTS well knew, he had not done so." Paragraph 24(d) alleges that both defendants "made a materially false representations on or about May 30, 2007 to their escort, a Goodyear engineer, that the sole reason for their visit to the Goodyear Topeka tire manufacturing facility was to evaluate Wyko made equipment for possible repairs when, in fact, as they then well knew, they intended to take unauthorized photographs of Goodyear's roll over-ply-down device." Thus, the Indictment sets out the two material misrepresentations and states that the defendants knew they were false. Paragraphs 10(e) and (f) of the introductory allegations also state that as part of its security measures, Goodyear required visitors to sign a Goodyear F-408 non-disclosure agreement and did not allow visitors to take photographs in its facility. These paragraphs, which are expressly incorporated in counts eight

6

through eleven, show why the misrepresentations were material. Accordingly, the Court finds that the Indictment sufficiently sets forth the facts showing that the misrepresentations were false and material. The defendants' Motion for a Bill of Particulars [**Doc. 34**] is **DENIED**.

## V. ADMISSIBILITY OF CO-DEFENDANT'S STATEMENTS

Defendant Roberts moves [Doc. 36] the Court to exclude the statement of Defendant Howley to law enforcement officers from their joint trial because it violates his right to confront the witnesses against him. Alternatively, he requests that his trial be severed from that of Defendant Howley. Defendant Roberts also requests the exclusion of any testimonial hearsay statements by any non-testifying person from the trial. The government responds [Doc. 52] that it does not plan to offer any confessions by non-testifying co-defendants or any testimonial hearsay statements by non-testifying individuals at trial.

At the September 10 hearing, AUSA Weddle stated that the government agreed not to offer Defendant Howley's statement against Defendant Roberts unless Defendant Howley testified. He clarified that there may be portions of Defendant Howley's statement that only incriminate Howley and that the government intended to use these portions against Howley in the joint trial. Counsel for Defendant Howley stated that he needed to see a copy of the redacted statement in order to decide whether to go forward with his motion to suppress his statement. Counsel for Defendant Roberts also asked to see the redacted statement of Defendant Howley.

The Supreme Court has held that the admission of a co-defendant's confession, which also inculpates the defendant, in their joint trial violates the confrontation right of the defendant even if the trial court gives a limiting instruction directing the jury to consider the confession only with

7

respect to the confessing co-defendant. Bruton v. United States, 391 U.S. 123, 127 (1968). In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Court limited Bruton by upholding the introduction of a co-defendant's statement, which was not facially incriminating to the defendant, even though the co-defendant's statement became incriminating to the defendant when linked to other evidence presented at trial. The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Id. at 211. The Court again refined its holding in Bruton in Gray v. Maryland, 523 U.S. 185, 192 (1998), in which it held that redacting a co-defendant's confession by replacing the defendant's name with a blank or the term "deleted" would still violate the defendant's constitutional rights. "[R]edactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results." Id. at 195.

In the present case, the government has stated that it does not intend to use Defendant Howley's statement against Defendant Roberts, if Defendant Howley does not testify at trial. Indeed, if Defendant Howley decides to testify at trial, then the government may introduce Howley's statement in full,[2] because counsel for Defendant Roberts can cross-examine Howley about the statement. See Nelson v. O'Neil, 402 U.S. 622, 627 (1971); Hodges v. Rose, 570 F.2d 643, 646 (6th Cir. 1978). The government may also use a redacted version of Defendant Howley's statement in the joint trial of Defendants Roberts and Howley, provided that the redacted statement eliminates

---

[2]The Court notes that the government's use of Defendant Howley's statement at trial also depends upon the outcome of Defendant Howley's motion to suppress his statement [Doc. 19], which the Court is scheduled to hear on November 12, 2009, at 1:00 p.m.

8

any reference to Defendant Roberts or to his existence. See Marsh, 481 U.S. at 211. The Court does not presently have a copy of the proposed redacted statement and, therefore, can make no ruling on the admissibility of the redacted statement. Nevertheless, the Court finds that the defendants' requests for the redacted statement at this juncture are premature. The redacted statement is not necessary for the Court's determination of whether the statement should be suppressed because Defendant Howley was interrogated while in custody without being advised of the Miranda warnings in violation of his rights under the Fifth Amendment. If this Court ultimately recommends and the District Court rules that Defendant Howley's motion to suppress his statement is denied, then the government is **ORDERED** to produce a copy of the redacted version of Defendant Howley's statement to both defendants no later than ten (10) working days before the February 9, 2010 trial date. The defendants must file any motion *in limine* objecting to the redacted statement no later than five (5) working days before trial.

Accordingly, Defendant Robert's Motion to Exclude Statements of Co-Defendant and Any Testimonial Statements of Non-Testifying Individuals From Any Joint Trial, or, in the Alternative, For Severance [**Doc. 36**] is **DENIED in part as moot** because the government agrees not to use the unredacted statement of Defendant Howley or any testimonial statements of other non-testifying individuals in the joint trial and is **DENIED in part as premature** because the admissibility of the redacted statement is not presently before the Court.

### VI. NOTICE OF INTENT TO USE EVIDENCE UNDER RULE 12(b)(4)(B)

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendants ask [Doc. 38] the Court to order the government to provide written notice of all evidence

subject to disclosure under Rule 16 that the government contemplates using in its case-in-chief at trial in order to give the defendants the opportunity to move to suppress it. The defendants also request the disclosure of any other evidence that might not be subject to Rule 16 but might be subject to suppression. The Government responds [Doc. 48] that it intends to offer into evidence the materials obtained during the execution of the search warrant at Wyco. It notes that the defendants have already moved to suppress that evidence and that accordingly the defendants' motion is moot.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends

10

to use such evidence in its case-in-chief.[3]  Here, the Government has given notice in its response of its intent to use the evidence seized during the execution of the search warrant at Wyco.  Moreover, the Court notes that the defendants have already filed suppression motions [Docs. 19, 25, and 39] relating to this evidence.  Accordingly, the Court finds that the defendants have already received the notice they request in their motion, although not necessarily in the format requested.  Thus, the Motion for Notice Pursuant to Rule 12(b)(4)(B) of Government's Intention to Use Evidence Arguably Subject to Suppression [**Doc. 38**] is **DENIED as moot**.

## VII.  DEPOSITIONS

Finally, the defendants move [Doc. 41] the Court to permit them to depose witnesses who are outside the Court's jurisdiction in order to preserve the witnesses' testimony for trial.  They note that this case involves entities located outside of the United States such as Wyko Tire Technology Limited in the United Kingdom, Eriks Group N.V. in the Netherlands, and Wyko China and the Haohau South China Guilin Rubber Company Limited both located in the People's Republic of China.  Defendants state that although they do not yet know the identity of the out-of-country witnesses who will need to be deposed, they are bringing this issue to the Court's attention in order to meet the motion-filing deadline.  The government responds [Doc. 47] that in addition to failing to state whom they wish to depose, the defendants do not inform the Court why the taking of

---

[3]The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief.  See Fed. R. Crim. P. 12(b)(4)(A).  In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

depositions is necessary in this case. It notes that the Court may permit depositions in "exceptional circumstances." The defendants reply [Doc. 64] that the fact that a material witness resides overseas can meet the exceptional circumstances requirement.

Rule 15 of the Federal Rules of Criminal Procedure provides in pertinent part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." At the September 10 hearing, counsel for Defendant Roberts stated that the defendants are only seeking to depose the government's experts expected to provide opinion testimony. He said that he would not be able to identify those experts that the defendants wanted to depose until after the government made its expert disclosure. The government objected to the taking of depositions of its experts unless the defendants were able to show exceptional circumstances. AUSA Weddle also stated that the government did not anticipate using any overseas experts.

The Court finds that it is not able to rule upon this motion at this time. Per defense counsel's statements at the September 10 hearing, the request for depositions is limited to the government's experts. At a hearing on August 6, 2009, the government agreed to provide Rule 16(1)(a)(G) disclosure of its experts by November 30, 2009. The Court **ORDERS** that the defendants are to supplement their motion by identifying those experts whom they are seeking to depose as well as the exceptional circumstances that compel the taking of depositions by **December 14, 2009**. The government will have until **December 28, 2009**, to file a supplemental response. The Court will hold the Motion for Depositions to Preserve Testimony for Trial [Doc. 41] in abeyance until after its receipt of these supplemental filings.

## VIII. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendant Howley's Motion to Require the Government to Prove the Alleged Trade Secret [**Doc. 23**] is **WITHDRAWN**;

(2) Defendant Howley's motions to adopt [**Docs. 31, 43, 58, 62, and 67**] the motions, memoranda, and replies of Defendant Roberts are **GRANTED**;

(3) The defendants' Motion for Hearing to Determine the Existence of Conspiracy [**Doc. 32**] is **DENIED**;

(4) The defendants' Motion for a Bill of Particulars [**Doc. 34**] is **DENIED**;

(5) Defendant Robert's Motion to Exclude Statements of Co-Defendant and Any Testimonial Statements of Non-Testifying Individuals From Any Joint Trial, or, in the Alternative, For Severance [**Doc. 36**] is **DENIED in part as moot** and **in part as premature** as explained more fully above. The government shall disclose its proposed redacted version of Defendant Howley's statement to the defendants no later than ten (10) working days before trial;

(6) The defendants' Motion for Notice Pursuant to Rule 12(b)(4)(B) of Government's Intention to Use Evidence Arguably Subject to Suppression [**Doc. 38**] is **DENIED as moot**; and

(7) The Court will hold the defendants' Motion for Depositions to Preserve Testimony for Trial [Doc. 41] in abeyance until after its receipt of the defendants' supplemental motion, which is due on **December 14, 2009**, and the government's supplemental response, which is due by **December 28, 2009**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge