UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | (Phillips) |
| CLARK ALAN ROBERTS and | ) | |
| SEAN EDWARD HOWLEY | ) | |

## MEMORANDUM AND ORDER

The Superseding Indictment charges the defendants in eleven counts with violations of the Economic Espionage Act (EEA), 18 U.S.C. § 1832. Count One alleges the defendants conspired to commit theft of trade secrets, unauthorized photographing and transmitting of trade secrets, and receiving and possessing trade secrets. Count Two charges the defendants with theft and attempted theft of trade secrets. Count Three asserts that the defendants photographed and attempted to photograph trade secrets. Counts Four through Six allege that the defendants transmitted or attempted to transmit trade secrets. Count Seven charges the defendants with possession or attempted possession of stolen trade secrets. Counts Eight through Ten allege that the defendants committed wire fraud, and Count Eleven alleges the defendants conspired to commit wire fraud.

On November 17, 2009, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 25-page Report and Recommendation (R&R) [Doc. 80] in which he recommended that (1) defendants' motion to dismiss the Superseding Indictment on the basis of failure to state an offense [Doc. 27], and (2) defendants' motion to dismiss the Superseding Indictment on the basis of unconstitutional vagueness [Doc. 29] be denied. Magistrate Judge Shirley found that the Economic Espionage Act is not unconstitutionally vague as applied to the defendants and that the Superseding Indictment alleges the elements and facts in sufficient detail to comport with the Fifth Amendment.

This matter is presently before the court on defendants' timely objections to the R&R [Doc. 83]. Defendant Howley has moved to adopt defendant Roberts' objections to the R&R [Doc. 85], and the motion is **GRANTED.** As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendants object. For the reasons that follow, the court finds itself in agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from defendants' motions. Consequently, defendants' objections will be overruled, the R&R will be accepted in whole, and the underlying motions to dismiss the Superseding Indictment will be denied.

First, the defendants argue that the EEA is void for vagueness unless it is interpreted to require that they knew the information allegedly stolen was a trade secret. "The standard for vagueness in a criminal statute is if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or

-2-

Case 3:08-cr-00175-PLR-CCS   Document 91   Filed 01/05/10   Page 2 of 6   PageID #: 546

discriminatory enforcement." *United States v. Avant*, 907 F.2d 623, 625 (6th Cir. 1990).

The term "trade secret" is defined in 18 U.S.C. § 1839(3) as follows:

> (3) the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

Defendants specifically argue that the Supreme Court's decision in *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009) requires the government to prove that defendants knew the information they converted met the legal definition of a trade secret under the statute. However, as pointed out by the government, Congress does not require a showing that a defendant specifically is aware of each element of the definition of a trade secret under § 1839(3):

> It is not necessary that the government prove that the defendant knew his or her actions were illegal, rather the government must prove that the defendant's actions were not authorized by the nature of his or her relationship to the owner of the property and that the defendant knew or should have known that fact.

H.R. Rep. No. 104-788 at 12.

-3-

Taking the allegations in the Superseding Indictment as true, the defendant engineers were to design tire manufacturing equipment for "off the road" (OTR) tires for their employer Wyko. The defendants formed a plan to take unauthorized photographs of Goodyear's OTR manufacturing equipment under the guise of evaluating Wyko equipment. While at the Goodyear facility, defendant Roberts falsely told the security guard that he had signed a nondisclosure agreement within the past year. The defendants then falsely stated to the Goodyear engineer that they were there to evaluate Wyko-made equipment. Defendant Howley used his cellular telephone to take photographs of Goodyear's OTR manufacturing equipment while defendant Roberts acted as lookout. Defendant Howley emailed the photographs to his work email account and then sent them to defendant Roberts' work email account. Defendant Roberts emailed the photographs to Wyko employees in England. These allegations fall within the statutorily proscribed activity. The court agrees with Magistrate Judge Shirley's finding that the EEA does not require that the defendants know the information allegedly stolen from Goodyear met the definition of a trade secret under the statute. According, the court finds that the EEA is not vague as applied to defendants, and defendants' objection is **OVERRULED.**

Defendants next argue that Count One of the Superseding Indictment fails to allege the *mens rea* element that they intended to convert a trade secret. As stated above, the statute does not require that the defendants know that the allegedly stolen information qualified as a trade secret. In *United States v. Yang*, the Sixth Circuit rejected the defendants' argument that the government had to prove that what the defendants

sought to steal was an actual trade secret. *Id.* 281 F.3d 534, 541 (6th Cir. 2002). Accordingly, the court agrees with Magistrate Judge Shirley's conclusion that it is unnecessary for Count One to allege that element, and defendants' objection is **OVERRULED.**

Finally, defendants argue that the wire fraud counts in the Superseding Indictment fail to sufficiently allege that any misrepresentations were material. As noted by Magistrate Judge Shirley, Paragraph 10 of the Superseding Indictment states that the photographed device was "protected by Goodyear as confidential and proprietary information." Paragraph 10 also sets forth Goodyear's security measures including housing the device in a restricted area, requiring visitors to sign-in and be cleared for entry, prohibiting cameras in the area, requiring visitors to be escorted by a Goodyear employee, and requiring visitors to sign a nondisclosure agreement. The court finds that Paragraph 10 sufficiently alleges facts to show that the alleged misrepresentations contained in Counts Eight through Eleven are material. A misrepresentation "must have the purpose of inducing the victim of the fraud to part with property or undertake some action that he would not otherwise do absent the misrepresentation or omission." *United States v. Daniel*, 239 F.3d 480, 487 (6th Cir. 2003). Counts Eight through Eleven allege that defendant Roberts lied about signing a nondisclosure agreement and that he lied about having legitimate reasons for wanting to enter the Goodyear plant. Defendants' alleged actions would have a tendency to influence Goodyear's actions in allowing them access to the plant. Accordingly, the court finds that the facts alleged in the Superseding Indictment

-5-

Case 3:08-cr-00175-PLR-CCS   Document 91   Filed 01/05/10   Page 5 of 6   PageID #: 549

adequately inform defendants of the nature of the charges against them and defendants' objections are **OVERRULED.**

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 83] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 80] is **ACCEPTED IN WHOLE.** Accordingly, defendants' motions to dismiss the Superseding Indictment [Docs. 27, 29] are **DENIED** in their entirety.

**ENTER:**

    s/ Thomas W. Phillips    
United States District Judge