IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-175 |
| | ) | |
| CLARK ALAN ROBERTS and | ) | (PHILLIPS/SHIRLEY) |
| SEAN EDWARD HOWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendants' Motion for Depositions to Preserve Testimony for Trial [Doc. 41]. The defendants ask the Court to permit them to depose witnesses who are outside the Court's jurisdiction in order to preserve the witnesses' testimony for trial.

Rule 15 of the Federal Rules of Criminal Procedure provides in pertinent part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice."

At the September 10, 2009 hearing on pending pretrial motions, counsel for Defendant Roberts stated that the defendants are only seeking to depose the government's experts expected to provide opinion testimony. He said that he would not be able to identify those experts that the defendants wanted to depose until after the government made its expert disclosure. The government objected to the taking of depositions of its experts unless the defendants were able to

1

show exceptional circumstances and stated that the government did not anticipate using any overseas experts.

The Court held the motion for depositions in abeyance, ordering [Doc. 81] that following the government's Rule 16(1)(a)(G) disclosure of expert testimony on or before November 30, 2009, the defendants were to supplement their motion by **December 14, 2009**, and identify those experts whom they are seeking to depose as well as the exceptional circumstances that compel the taking of depositions. It also ordered [Doc. 81] the government to file a supplemental response by **December 28, 2009**. To date, no supplemental filing has been made on this issue by either party. Accordingly, the Court finds that the defendants have failed to show that exceptional circumstances warrant the taking of Rule 15 depositions in this case. The defendants' Motion for Depositions to Preserve Testimony for Trial [**Doc. 41**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge