UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:08-CR-175 |
| ) | (Phillips) |
| CLARK ALAN ROBERTS and ) | |
| SEAN EDWARD HOWLEY ) | |

## MEMORANDUM AND ORDER

On December 21, 2009, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 38-page Report and Recommendation (R&R) [Doc. 88] in which he recommended that defendant Howley's motion to suppress statements and motion to suppress search [Docs. 19, 25] be denied, and that defendant Roberts' motion to suppress [Doc. 39] be denied.

This matter is presently before the court on defendants' timely objections to the R&R [Docs. 89, 90]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendants object. For the reasons that follow, the court finds itself in agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on November 12, 2009. Consequently, defendants' objections will be overruled, the R&R will be accepted in whole, and the underlying motions to suppress will be denied.

## I. Background

The Superseding Indictment charges the defendants in eleven counts with violations of the Economic Espionage Act (EEA), 18 U.S.C. § 1832. Count One alleges the defendants conspired to commit theft of trade secrets, unauthorized photographing and transmitting of trade secrets, and receiving and possessing trade secrets. Count Two charges the defendants with theft and attempted theft of trade secrets. Count Three asserts that the defendants photographed and attempted to photograph trade secrets. Counts Four through Six allege that the defendants transmitted or attempted to transmit trade secrets. Count Seven charges the defendants with possession or attempted possession of stolen trade secrets. Counts Eight through Ten allege that the defendants committed wire fraud, and Count Eleven alleges the defendants conspired to commit wire fraud.

Defendants Roberts and Howley ask the court to suppress the evidence obtained in the September 25, 2007 search of Wyko Tire Technology, their place of employment. Defendant Roberts contends that the search warrant was not sufficiently particular because it did not expressly narrow the search of the computer information, and that the search of Wyko exceeded the scope of the search warrant. Defendant Howley contends that a cellular telephone taken from him must be suppressed because the search warrant did not authorize the search of his person, and that his statement given to law enforcement on the day the search warrant was executed, was involuntary and the fruit of an illegal search.

## II. Defendant Howley's Objections

In the R&R, the magistrate judge found that defendant Howley agreed to be interviewed by the agents; the questioning was not prolonged; and there was no evidence that Howley believed he was under arrest. The magistrate judge found that the circumstances of the interview were not coercive. According to the factual findings, about half-way through the interview, the agents told Howley they believed he was lying and informed him that lying to a federal investigator was a felony. Thereafter, Howley's tone changed and he told the agents information relevant to their investigation. Near the end of the interview, the agents discussed the contents and location of Howley's cellular telephone. The agents asked for the telephone and Howley produced it from his person and gave it to them without objection. The magistrate judge found that Howley voluntarily gave his cellular telephone to the agents.

Defendant Howley avers that the magistrate judge erroneously used a "preponderance of the evidence" test in weighing the evidence, instead of the more stringent "clear and convincing" test required by the Supreme Court in *Bumper v. North Carolina*, 391 U.S. 543 (1968). *Bumper* dealt with acquiescence to the execution of an improperly-issued search warrant. In support of his contention that *Bumper* requires the evidence be viewed under the clear and convincing test, defendant relies on a case from the Tennessee Supreme Court, *Earls v. State,* 496 S.W.2d 464 (Tenn. 1973), which concluded that under *Bumper*, "the State must show by clear and convincing evidence" that consent was not based upon mere acquiescence to a search warrant. *Id.* at 467.

The Sixth Circuit has never interpreted *Bumper* to require the "clear and convincing" test, but instead used the "preponderance of the evidence" test to determine whether consent was voluntarily given. *See United States v. Carter*, 378 F.3d 584 (6th Cir. 2004). Here, the agent testified that at no time was defendant told that the search warrant included his cellular telephone or that they wanted to seize the telephone under the authority of the warrant. The agent merely asked defendant for his telephone at the end of the interview, and defendant gave it to him. I find that the magistrate judge properly concluded, by a preponderance of the evidence, that the defendant's action of removing the telephone from his person and handing it to the agent constituted an affirmative and voluntary, non-verbal consent to the agent's request for his telephone. Defendant's objection is **OVERRULED**.

Defendant Howley next objects to the finding of the magistrate judge that his statement should not be suppressed because it was involuntary. He argues that he was not advised of his *Miranda* rights and he did not feel free to leave the interview. The magistrate judge found that the location of the interview, a vice president's office at defendant's place of employment, was neither hostile nor coercive; defendant's movement was not restrained during the interview; the tenor of the interview was business-like and not intimidating; and the length of the interview (2 hours) was not oppressive. Considering the totality of the circumstances, I agree with the magistrate judge that defendant Howley was not in custody during the interview. Accordingly, *Miranda* warnings were not required, and defendant's objection is **OVERRULED**.

### III. Defendant Roberts' Objections

On September 25, 2007, FBI agents executed a search warrant at the premises of defendants' employer, Wyko Tire Technology. Among other things, the warrant authorized the seizure of computers and Wyko's computer server. The defendants contended that their rights under the Fourth Amendment were violated by both the issuance and the execution of the search warrant authorizing the search of Wyko. The magistrate judge found that defendants have standing to challenge the search of Wyko, because defendants have a legitimate expectation of privacy in anything seized from their offices, in all of the files on their laptop computers, and in the files on the Wyko server that were password protected. However, the magistrate judge found that defendants could not be secure in the privacy of their email and other similarly situated files on the Wyko server, and therefore, lacked standing to challenge the forensic search of the server. The magistrate judge further found that the search warrant in this case provided probable cause for the seizure of both defendants' laptop computers because the computers were being used to disseminate and store information regarding the alleged stolen trade secrets. The magistrate judge concluded that the agents properly seized defendants' laptop computers and properly searched all the files contained therein and on the Wyko server.

Defendant Roberts objects the magistrate judge's finding that he "could not be secure in the privacy of [his] email and other similarly situated files on the server." I find defendant's objection without merit. The Sixth Circuit has determined that the sender of an email loses a legitimate expectation of privacy once the email reaches the recipient,

analogous to a letter-writer, whose "expectation of privacy ordinarily terminates upon delivery" of a letter. *Guest v. Leis,* 255 F.3d 325, 333 (6th Cir. 2001) (quoting *United States v. King*, 55 F.3d 1193, 1196 (6th Cir. 1995). Accordingly, defendant's objection is **OVERRULED.**

Defendant next argues that the search warrant in this case was not sufficiently particular. Defendant asserts that a warrant authorizing a search of a computer must specify with particularity the specific documents and files to be seized because if agents are allowed to open and search every file on a computer, such unlimited access violates the Fourth Amendment's prohibition against general warrants.

Here, the search warrant, Attachment B, lists the items to be seized, including "computers, computer hardware, software, computer related documentation, [and] passwords which contain evidence related to violations of Title 18, United States Code, Sections 1832 and 2314. . . ." Paragraph 3 of Attachment B authorized the seizure of "photographs, blue prints, drawings, sketches, diagrams, designs of manufacturing equipment and manufacturing processes which contain trade secret information belong to Goodyear." Paragraph 4 authorized the officers to seize "correspondence, including email" between certain named entities from January 2006 through the time of the execution of the search warrant, "which discuss or refer to trade secret information belonging to Goodyear." Paragraph 5 authorized the seizure of correspondence, email and documents "related to travel by Wyko employees to Goodyear." Paragraph 6 authorized the seizure of records

-6-

relating to contracts with the Haohua South Guilin Rubber Company. Paragraph 7 authorized the agents to seize documents relating to "the export of trade secret information belonging to Goodyear . . . from any Wyko entity to a foreign country." I concur with the magistrate judge's conclusion that the search warrant is sufficiently particular to inform the executing agents of the items to be seized. Accordingly, defendant's objection is **OVERRULED.**

Last, defendant Roberts' argues that the execution of the search warrant exceeded its scope. The magistrate judge found that when a search warrant permits the agents to search a computer, they may search all of the files in that computer for the items to be seized. In his analysis, the magistrate judge relied on a case from the Western District of Tennessee, *United States v. Ogden*, 2008 WL 4982756. In *Ogden*, District Judge S. Thomas Anderson, found:

> Searching agents have the authority to look in any place where the evidence sought may be found. The methods employed in executing search warrants are left the search agent's discretion as long as the methods are reasonable. Contrary to defendant's argument, [the executing officer] seized all of the computer equipment, not each individual file. This was proper because all of the computer equipment and storage devices were within the scope of the search warrant. [The executing officer] thus acted reasonably in executing the search warrant, and his examination of each file on defendant's computers and storage media was reasonable and necessary.

*Id.* at *3. I find District Judge Anderson's analysis well-reasoned and applicable to the instant case. Therefore, I conclude that the magistrate judge correctly found that the

-7-

Case 3:08-cr-00175-PLR-CCS   Document 96   Filed 01/14/10   Page 7 of 8   PageID #: 565

forensic analysis of the data on defendants' computers and on Wyko's service did not violated the Fourth Amendment, and defendant Roberts' objection is **OVERRULED.**

## IV. Conclusion

Defendant Howley's motion to adopt the objections to the R&R filed by defendant Roberts [Doc. 93] is **GRANTED.**

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendants' objections to the R&R [Docs. 89, 90] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 88] is **ACCEPTED IN WHOLE.** Accordingly, defendant Howley's motion to suppress statements and motion to suppress search [Docs. 19, 25] as well as defendant Roberts' motion to suppress [Doc. 39] are hereby **DENIED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge