IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARK ALAN ROBERTS and )<br>SEAN EDWARD HOWLEY, )<br>)<br>Defendants. ) | No. 3:08-CR-175<br>(PHILLIPS/SHIRLEY) |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 5, 2009, for a motion hearing on Defendant Sean Howley's Motion For Continuance [Doc. 99], filed on February 2, 2010. Assistant United States Attorney D. Gregory Weddle appeared on behalf of the Government. Attorneys W. Thomas Dillard and Stephen Ross Johnson were present for Defendant Clark Roberts. Attorney Douglas A. Trant appeared by telephone and represented Defendant Sean Howley. Both Defendants were also present.

The motion requests that the Court continue the February 9, 2010 trial date because Attorney Trant has been trying a criminal case in the Southern District of Alabama since January 4, 2010. As of the time of the February 5 hearing, the jury had yet to return a verdict in that case. Attorney Trant states that he needs additional time to prepare for trial in the instant case in order the render effective representation. The motion states that the Government does not object to the requested continuance and that Codefendant Roberts takes no position.

1

The Court held a telephone conference on this matter on February 4, 2010. Mr. Trant was not able to participate in that conference. At that time, Attorney Dillard stated that Defendant Roberts opposed a lengthy continuance. The parties were unable to agree to one of the District Court's available dates, and the Court continued the hearing to the next afternoon. On February 5, AUSA Weddle informed the Court that he had worked to move another trial on the District Court's calendar and that March 23, 2010, was now available. The parties all agreed to this date.

Based upon the unavoidable circumstances requiring Attorney Trant's presence in the Southern District of Alabama, the Court finds that a short continuance of the February 9 trial is necessary and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). To require Defendant Howley to proceed to trial on February 9 without his attorney or without his attorney having any time to prepare for his trial would unreasonably deprive him of continuity of counsel and would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i), -(iv). Moreover, counsel for Defendant Howley will need a reasonable amount of time to prepare for trial once he returns from Alabama. Included in this preparation will be the time necessary to litigate the Government's Motion for a Protective Order [Doc. 98] for trial. The Court finds that this necessary trial preparation could not take place before the February 9, 2010 trial date. Thus, the Court finds that the failure to grant a continuance would deprive Defendant Howley's attorney of time to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §

2

3161(h)(6).[1]  Under this provision, time excludable as to one defendant is excludable to all codefendants.  United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986).  Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable.  Henderson v. United States, 476 U.S. 321, 327 (1986).  In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded.  Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance.  See id.

In the present case, Defendants Roberts and Howley are jointly indicted and no motion for severance has been filed.  The Court finds that the six-week delay caused by Defendant Howley's need for continuity of counsel and adequate trial preparation to be reasonable.  Accordingly, this delay is also attributable to Defendant Roberts.  18 U.S.C. § 3161(h)(6).

Thus, Defendant Howley's Motion for Continuance [**Doc. 99**] is **GRANTED**, and the trial of this matter is reset to **March 23, 2010**.  The Court also finds that all the time between the February 5, 2010 hearing and the new trial date of March 23, 2010, is fully excludable time under

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7).  Congress renumbered this section, effective October 2008, without changing its language.

the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(6) & -(h)(7)(A)-(B). With regard to further scheduling, the parties are to appear before the undersigned on **February 16, 2010, at 9:30 a.m.**, for an arraignment on the Second Superseding Indictment [Doc. 97] and a motion hearing on the Government's Motion for a Protective Order [Doc. 98]. The Court instructs the parties that all motions *in limine* must be filed no later than **March 8, 2010**. Special requests for jury instructions shall be submitted to the District Court no later than **March 12, 2010**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Howley's Motion for Continuance [**Doc. 99**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 23, 2010**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **February 5, 2010** hearing, and the new trial date of **March 23, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned on **February 16, 2010, at 9:30 a.m.**, for an arraignment on the Second Superseding Indictment [Doc. 97] and a motion hearing on the Government's Motion for a Protective Order [Doc. 98];

(5) Motions *in limine* must be filed no later than **March 8, 2010**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 12, 2010**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

4